# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-30930
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2017

Lyle W. Cayce
Clerk

CARL WAYNE STEWART,

Plaintiff-Appellant

v.

STATE OF LOUISIANA; CITY OF NATCHITOCHES,

Defendants-Appellees

———————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-1934

———————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carl Wayne Stewart appeals the district court's dismissal of his civil rights complaint filed in forma pauperis (IFP). *See* 28 U.S.C. § 1915(a). He argues that the district court erred as follows: by referring his case to the magistrate judge, without obtaining his consent, as required by Federal Rule of Civil Procedure 73; by adopting the magistrate judge's allegedly inadequate analysis and conclusions, without considering the arguments Stewart

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30930

advanced, which, Stewart says, departed from the usual and accepted course of judicial proceedings and constituted an abuse of discretion; and by dismissing his complaint sua sponte before the defendants made an appearance and based on reasons not raised by the parties.

Consent is not required when, as here, the district court refers a case to the magistrate judge to hear pretrial matters dispositive of claims and to enter a recommended disposition. FED. R. CIV. P. 72(b)(1). Stewart was afforded the opportunity to object to the magistrate judge's report and challenge the inadequacy of the analysis and conclusions. *See* FED. R. CIV. P. 72(b)(2). In compliance with Rule 72, the district court considered de novo Stewart's objections and overruled them. *See* FED. R. CIV. P. 72(b)(3). The district court is required to dismiss a complaint filed IFP at any time if determines that the case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B)(i)-(iii). This includes the time before defendants are served, make an appearance, or file an answer. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). As shown by the foregoing, the district court did not commit any procedural error in the treatment of Stewart's complaint.

Stewart does not challenge the magistrate judge's ruling, adopted by the district court, that Stewart's claims against the State and the City were not cognizable under 42 U.S.C. § 1983 and thus frivolous. Accordingly, he has abandoned any arguments challenging the dismissal of his claims as frivolous. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (stating that pro se plaintiffs, like other litigants, must brief arguments to preserve them). Moreover, Stewart had an opportunity to raise such a

No. 15-30930

challenge in his objections to the MJ's report and recommendation, but he did not do so.

The judgment of the district court is AFFIRMED. Stewart's motion for an appellate conference or, in the alternative, an evidentiary hearing to aid appellate review is DENIED.